IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VERNAL TIMOTHY HARDY,**

Petitioner,

v.  Civil Action No. **3:16CV963**

**HAROLD W. CLARKE,**

Respondent.

## REPORT AND RECOMMENDATION

Vernal Timothy Hardy, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Loudoun, Virginia ("Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Because it is apparent from the record that Hardy has failed to exhaust his state court remedies as to all of his claims, and for the reasons stated below, it is RECOMMENDED that the Court DISMISS WITHOUT PREJUDICE Hardy's § 2254 Petition.

### A. Procedural History

On February 22, 2016, Hardy pled guilty in the Circuit Court to one count of distribution of a Schedule One or Two controlled substance, and one count of possession with intent to distribute a Schedule One or Two Controlled Substance. (ECF No. 18-2, at 1-6.) On June 1, 2016, the Circuit Court entered judgment and sentenced Hardy to an aggregate sentence of ten years of incarceration, with five years suspended. (ECF No. 18-1, at 2-3.)[1]

---

[1] The Circuit Court sentenced Hardy to five years of incarceration on the distribution charge, and five years of incarceration, all suspended on the possession with intent to distribute charge, to be served consecutively. (ECF No. 18-1, at 2.)

Hardy did not appeal. On August 12, 2016, he filed a *pro se* letter asking for reconsideration of his sentence based upon his background. (ECF No. 18-7, at 1–8.) On August 22, 2016, Hardy filed a second *pro se* letter requesting reconsideration of his sentence. (ECF No. 18-8, at 1–12.) In this letter, Hardy described why he believes trial counsel rendered ineffective assistance. (*Id.* at 1–4.) The Circuit Court did not consider these letters, as they were *ex parte* communications with the Court. (ECF No. 18-10, at 1; ECF No. 18-11, at 1.) On October 12, 2016, Hardy filed a *pro se* Motion for Reconsideration, requesting reconsideration of his sentenced based upon his "excellent disciplinary record" while incarcerated. (ECF No. 18-9.) The Circuit Court denied the Motion for Reconsideration on February 10, 2017.[2]

On December 7, 2016, the Court received Hardy's § 2254 Petition. In his § 2254 Petition, Hardy vaguely asserts that he received ineffective assistance from counsel in connection with his guilty plea and sentencing, and he complains about his plea. (§ 2254 Pet. 6–10.) He acknowledges that he only filed a Motion for Reconsideration of his sentence. (*Id.* at 6, 7–8.)

B.     **Exhaustion and Procedural Default**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

---

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Loudon Circuit Court" from drop-down menu and follow "Begin" button; type "Hardy, Vernal," and then follow "Search by Name" button; then follow hyperlinks for "CR00028677-00" and "CR00028677-01"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." *McClain v. Clarke*, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted).

2

Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim'" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a

3

direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2017). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

Here, the claims raised by Hardy have not been raised before the Supreme Court of Virginia. Hardy may still file a petition for a writ of habeas corpus raising his present claims with the state court. *See* Va. Code Ann. § 8.01–654(A)(2) (West 2017) (requiring that a state habeas petition be filed within two years of final judgment where no appeal is pursued). Hardy fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. In sum, Hardy's claims are clearly unexhausted.

### C. Hardy's Motion to Amend

Hardy has filed a Motion to Amend his § 2254 Petition. (ECF No. 20.) In his Motion, Hardy requests leave to amend his § 2254 Petition to assert more claims of ineffective assistance of counsel. (*Id.* at 1–2.) Such an amendment would be futile. As discussed above, the claims Hardy raised in his § 2254 Petition are unexhausted. Moreover, Hardy has provided no indication that the claims he seeks to add have been presented to the Supreme Court of Virginia. Accordingly, it is RECOMMENDED that Hardy's Motion to Amend (ECF No. 20) be DENIED.

### D. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 16) and DISMISS WITHOUT PREJUDICE Hardy's § 2254 Petition for him to refile once he has exhausted his state court remedies. It is also RECOMMENDED that Hardy's Motion to Amend (ECF No. 20) be DENIED.

Hardy is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Hardy and counsel of record.

/s/
Roderick C. Young
United States Magistrate Judge

Date: May 19, 2017
Richmond, Virginia