```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF VIRGINIA
              Richmond Division
```

VERNAL TIMOTHY HARDY, )
)
    Petitioner, )
v. ) Civil Action No. 3:16CV963–HEH
)
HAROLD W. CLARKE, )
)
    Respondent. )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing Action)

Vernal Timothy Hardy, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Loudoun, Virginia ("Circuit Court"). On May 23, 2017, the Magistrate Judge issued a Report and Recommendation wherein he recommended dismissing Burrell's § 2254 Petition without prejudice because of Hardy's failure to exhaust state court remedies. (ECF No. 22.) Hardy has filed objections. (ECF No. 23.) For the reasons that follow, Hardy's objections will be overruled, the Report and Recommendation will be accepted and adopted, and the action will be dismissed.

### I. THE REPORT AND RECOMMENDATION

The Magistrate Judge made the following findings and recommendation:

#### A. Procedural History

> On February 22, 2016, Hardy pled guilty in the Circuit Court to one count of distribution of a Schedule One or Two controlled substance, and one count of possession with intent to distribute a Schedule One or Two Controlled Substance. (ECF No. 18-2, at 1–6.) On June 1, 2016, the Circuit Court entered judgment and sentenced Hardy to an aggregate

sentence of ten years of incarceration, with five years suspended. (ECF No. 18-1, at 2-3.)[1]

Hardy did not appeal. On August 12, 2016, he filed a *pro se* letter asking for reconsideration of his sentence based upon his background. (ECF No. 18-7, at 1-8.) On August 22, 2016, Hardy filed a second *pro se* letter requesting reconsideration of his sentence. (ECF No. 18-8, at 1-12.) In this letter, Hardy described why he believes trial counsel rendered ineffective assistance. (*Id.* at 1-4.) The Circuit Court did not consider these letters, as they were *ex parte* communications with the Court. (ECF No. 18-10, at 1; ECF No. 18-11, at 1.) On October 12, 2016, Hardy filed a *pro se* Motion for Reconsideration, requesting reconsideration of his sentenced based upon his "excellent disciplinary record" while incarcerated. (ECF No. 18-9.) The Circuit Court denied the Motion for Reconsideration on February 10, 2017.[2]

On December 7, 2016, the Court received Hardy's § 2254 Petition. In his § 2254 Petition, Hardy vaguely asserts that he received ineffective assistance from counsel in connection with his guilty plea and sentencing, and he complains about his plea. (§ 2254 Pet. 6-10.) He acknowledges that he only filed a Motion for Reconsideration of his sentence. (*Id.* at 6, 7-8.)

## B. Exhaustion and Procedural Default

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity'" and in Congressional

---

[1] The Circuit Court sentenced Hardy to five years of incarceration on the distribution charge, and five years of incarceration, all suspended on the possession with intent to distribute charge, to be served consecutively. (ECF No. 18-1, at 2.)

[2] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Loudon Circuit Court" from drop-down menu and follow "Begin" button; type "Hardy, Vernal," and then follow "Search by Name" button; then follow hyperlinks for "CR00028677-00" and "CR00028677-01"). "The Circuit Court's docket is accessible through the Virginia Judicial System Website. Federal Courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." *McClain v. Clarke*, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted).

2

determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2017). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

3

Here, the claims raised by Hardy have not been raised before the Supreme Court of Virginia. Hardy may still file a petition for a writ of habeas corpus raising his present claims with the state court. *See* Va. Code Ann. § 8.01–654(A)(2) (West 2017) (requiring that a state habeas petition be filed within two years of final judgment where no appeal is pursued). Hardy fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. In sum, Hardy's claims are clearly unexhausted.

### C. Hardy's Motion to Amend

Hardy has filed a Motion to Amend his § 2254 Petition. (ECF No. 20.) In his Motion, Hardy requests leave to amend his § 2254 Petition to assert more claims of ineffective assistance of counsel. (*Id.* at 1–2.) Such an amendment would be futile. As discussed above, the claims Hardy raised in his § 2254 Petition are unexhausted. Moreover, Hardy has provided no indication that the claims he seeks to add have been presented to the Supreme Court of Virginia. Accordingly, it is RECOMMENDED that Hardy's Motion to Amend (ECF No. 20) be DENIED.

### D. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 16) and DISMISS WITHOUT PREJUDICE Hardy's § 2254 Petition for him to refile once he has exhausted his state court remedies. It is also RECOMMENDED that Hardy's Motion to Amend (ECF No. 20) be DENIED.

(Report and Recommendation 1–5 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of

objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. HARDY'S OBJECTIONS

As an initial matter, Hardy wholly failed to comply with the directive set forth in the Report and Recommendation that his objections be in the form of a numbered list. Despite Hardy's failure to comply with the Court's directive, and without the benefit of the numbered list, the Court construes Hardy to raise four objections.

Hardy first objects to the *Roseboro*[3] notice that Respondent included with his Motion to Dismiss. (Objs. 1.) Hardy contends that the notice only provided him with 20 days, not 21 days, to respond to the Motion to Dismiss. (*Id.*) Hardy is correct that, pursuant to the Court's Local Rules, the *Roseboro* notice should have provided him with 21 days to respond. *See* E.D. Va. Loc. Civ. R. 7(K)(1). However, Hardy's objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). Accordingly, Hardy's first objection will be overruled.

Hardy next objects to the Magistrate Judge's characterization of the claims raised in his § 2254 Petition as vague. (Objs. 2.) Hardy states that the form that was provided "was clearly not formatted in a manner that would allow room for detailed information

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

pertaining to all aspects of the plausibility as well as descriptive facts regarding my ineffective counsel claim." (*Id.*) Again, this objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47 (citations omitted). Accordingly, Hardy's second objection will be overruled.

As his third objection, Hardy faults the Court, the Commonwealth's Attorney's Office, and his court-appointed attorney for failing to advise him that he needed to exhaust his state remedies. (Objs. 2.) He also states that the only habeas corpus form available to him at the time that he filed "was the 2254/2255 federal form." (*Id.*) Again, this objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47 (citations omitted). Moreover, neither the Court nor counsel had an obligation to so advise Hardy.[4] Accordingly, Hardy's third objection will be overruled.

Finally, Hardy objects to the overall recommendation that his § 2254 Petition be dismissed, claiming that "[his] case will not be heard, nor thoroughly investigated due to the claim of failing to exhaust state remedies." (Objs. 2.) However, the dismissal of Hardy's § 2254 Petition without prejudice does not bar him forever from seeking habeas relief in this Court. Rather, Hardy may refile his § 2254 Petition once he has exhausted

---

[4] The Court notes that the § 2254 Petition submitted by Hardy does include the following warning: "CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court." (§ 2254 Pet. 5 (emphasis omitted).)

6

all of his available state court remedies. Accordingly, Hardy's fourth objection will be overruled.

## IV. CONCLUSION

Hardy's objections will be overruled. The Report and Recommendation (ECF No. 22) will be accepted and adopted. The Motion to Dismiss (ECF No. 16) will be granted. Hardy's Motion to Amend (ECF No. 20) will be denied. Hardy's § 2254 Petition (ECF No. 1) will be dismissed without prejudice. Hardy may refile once he has exhausted his state court remedies. A certificate of appealability will be denied.[5]

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 21, 2017
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Hardy fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.